IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CABELA'S INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>RINGERS TECHNOLOGIES LLC,<br><br>      Defendant. | Civil Case No. _____<br><br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR TRADEMARK INFRINGEMENT

COMES NOW Plaintiff, Cabela's Incorporated ("Plaintiff" or "Cabela's"), by and through its attorneys, Quarles & Brady LLP and Lamson, Dugan & Murray, LLP, and for its complaint against Ringers Technologies LLC ("Defendant" or "Ringers"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, cancellation of a trademark, and a declaratory judgment of non-infringement arising from Ringers' infringing use of the ROUGHNECK trademark and its unlawful registration of the same.

2. Cabela's is the senior user of the ROUGHNECK trademark, having used the trademark in connection with its soft goods and apparel, and specifically workwear, as early as 1999. Ringers' more recent adoption of the mark has infringed on Cabela's trademark rights by using the identical ROUGHNECK trademark in connection with apparel and workwear, such as gloves, in the United States.

3. Ringers' continued unauthorized use of the ROUGHNECK trademark is likely to cause confusion or mistake or to deceive customers into falsely believing that Cabela's products are in fact Ringers' products or that Cabela's has approved of or sponsored Ringers' products.

4. As a result of Ringers' unauthorized use, Cabela's has suffered harm to its trademark rights in the ROUGHNECK trademark, its product identity, and its goodwill and reputation. Accordingly, the harm suffered by Cabela's as a result of Ringers' infringement and unfair competition is irreparable, and Ringers' wrongful activities will continue unless enjoined by the Court.

5. Cabela's asks that the Court: (1) find that Ringers infringes Cabela's common law ROUGHNECK trademark rights; (2) enter a declaratory judgment that Cabela's does not infringe the ROUGHNECK mark, as alleged by Ringers; and (3) cancel Ringers' registration of the ROUGHNECK mark.

## THE PARTIES

6. Plaintiff Cabela's Incorporated is a Delaware corporation with its principal place of business at One Cabela Drive, Sidney, Nebraska 69160.

7. Upon information and belief, Ringers Technology LLC (d/b/a Ringers Gloves) is a Texas limited liability company with its principal place of business at 3443 N. Sam Houston Parkway West, Houston, Texas 77086.

## JURISDICTION

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 15 U.S.C. § 1121. This Court has jurisdiction to declare the rights and other legal relationships of the parties pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*.

9. This Court has personal jurisdiction over Defendant under 28 U.S.C. § 1400 and Neb. Rev. Stat. § 25-536 because, upon information and belief, Defendant conducts business in the State of Nebraska, including selling and offering to sell its infringing products, directly or through intermediaries, in or into Nebraska and this judicial District, thereby causing injury and damages in Nebraska and this judicial District, which may result from acts committed outside Nebraska or the District, including but not limited to utilizing their own established distribution channels or distribution channels of an intermediary to market and sell infringing products in Nebraska and this District.  In addition, Cabela's principal place of business is in Nebraska and in this District.  Ringers' decision to allege that Cabela's, a corporation operating out of Nebraska, infringes the Ringers' ROUGHNECK trademark and to threaten a corporation operating out of Nebraska with the prospect of litigation caused a direct harm to Cabela's in this district.  Accordingly, the acts underlying this declaratory judgment action substantially occurred in this District.

10. Venue in this District is proper under 28 U.S.C. § 1391.

**FACTS GIVING RISE TO THIS ACTION**

11. Cabela's hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

Cabela's

12. Cabela's is the World's Foremost Outfitter of hunting, fishing and outdoor gear. Since its founding in 1961 in Chappell, Nebraska, Cabela's has grown into a world-famous retailer through its world-famous catalog business and destination retail stores.  The company produces nearly 100 different catalogs per year, including specialty books focusing on such outdoor pursuits as archery, fly-fishing and boating, as well as massive Spring and Fall Master

catalogs. Internationally known as a source of affordable, high-quality outdoor and recreational equipment, Cabela's catalogs are shipped to all 50 states and 125 countries.

13. By 2001, the Cabela's Catalog was ranked as the fifth most popular catalog, behind such direct-mail giants as J.C. Penney and Sears, in a Consumer Shopping Survey administered by Catalog Age magazine. Other awards include: ShotBusiness magazine's Retailer of the Year; Sporting Goods Business magazine Specialty Retailer of the Year; and BizRate.com Circle of Excellence Award for outstanding web site performance over the holiday season.

14. By 2006, Cabela's web site was ranked No. 1 in the outdoor retailer industry and the company was named Company of the Year in Sporting Classics magazine's prestigious Awards of Excellence. Over the years, Cabela's has received numerous recognitions for its work with conservation organizations and Cabela's was named as one of the Top 100 Companies to Work For in Fortune magazine's January 2000 issue.

15. Today, in the United States alone, Cabela's also has more than 55 stores operating in 32 states where it offers its high quality fishing, hunting, outdoor, and recreational equipment to millions of customers visiting its stores each year.

<u>Cabela's Use of the ROUGHNECK Trademark</u>

16. Cabela's began using the ROUGHNECK trademark in 1999 on jeans.

17. At least as early as Spring, 2002, Cabela's expanded its offering of goods using the ROUGHNECK trademark—including soft goods and apparel, and specifically workwear, such as belts and jeans. Attached as Exhibit A are selected pages from Cabela's Spring 2003 catalog.

18. Below are excerpts from Exhibit A demonstrating Cabela's use of the ROUGHNECK trademark in 2003.



























19. Over the next few years, Cabela's significantly increased the use of the ROUGHNECK trademark in connection with its products. By Spring, 2008 Cabela's sold outdoor products—including soft goods and apparel, and specifically workwear, such as jackets, shirts, jeans, overalls/bibs, and sweatshirts, as well as work boots—which all used the "ROUGHNECK" trademark.

20. Attached as Exhibit B are selected pages from Cabela's Spring 2008 catalog. Such apparel being sold under the ROUGHNECK trademark included at least the following:




-8-

 

 

 

 

21. In line with Cabela's strategy to grow the ROUGHNECK trademark with connection to Cabela's soft goods and apparel products, and specifically workwear, Cabela's began using the ROUGHNECK trademark on work gloves in 2010.

22. Cabela's use of the ROUGHNECK trademark on soft goods, and specifically workwear, has been continuous and expanding since it first began using the trademark in 1999.

<u>Ringers' Infringing Use of the ROUGHNECK Trademark</u>

23.     Upon information and belief, Ringers first began using the ROUGHNECK trademark in Texas in 2008 and in interstate commerce in 2009.

24.     Ringers applied for the ROUGHNECK trademark for use in connection with "fire resistant gloves, gloves for protection against accidents; protective gloves for industrial use; protective work gloves" on June 13, 2013.

25.     Ringers' use of the ROUGHNECK trademark on workwear and apparel, such as gloves, is likely to cause confusion as to the source of those goods given Cabela's long and continuous use of the ROUGHNECK trademark on apparel and workwear since 1999.

<u>Ringers' Attempted Enforcement of the ROUGHNECK Trademark</u>

26.     Despite Cabela's senior use of the ROUGHNECK trademark, Ringers attempted to enforce its unlawful registration against Cabela's.

27.     On July 25, 2014, Cabela's received a letter from Ringers' attorney, Andrew Webster, at Reed & Scardino LLP.  Ringers' letter alleged that Ringers was the "owner of all rights, title and interest in and to the Federal Trademark Registration No. 4,477,642 for the mark ROUGHNECK."  Attached as Exhibit C is a copy of the Ringer's letter ("Notice of Alleged Infringement").  Attached to Ringers' letter was a copy of the Ringers trademark registration, which states that Ringers did not use the ROUGHNECK mark until the fall of 2008, well after Cabela's first use.

28.     In its letter, Ringers failed to acknowledge Cabela's long use of the ROUGHNECK mark in connection with soft goods and apparel products.  Instead, Ringers alleged that "Cabela's use of ROUGHNECK in connection with its glove products is likely to cause confusion in the marketplace and violates Ringer Technologies' rights in its mark." *Id.*

Ringers went on to assert that Cabela's "use of the Marks and associated intellectual property is unauthorized and will continue to cause consumer confusion, mistake and/or deception. Under the Lanham Act, Title 15, United States Code, the owner of a registered or common law trademark may obtain various remedies . . . [including] actual and enhanced damages." *Id.*

29. Ringer subsequently demanded that Cabela's *inter alia* "immediately cease and desist from any use of the [ROUGHNECK] Mark and any marks or slogans similar thereto on gloves." *Id.*

30. Finally, Ringer threatened that "if [the parties] are unable to reach a satisfactory agreement on this matter, then [Ringers' attorney] will have no alternative but to recommend to [its] client that it exercise its legal remedies to the fullest extent provided by law." *Id.*

31. Cabela's subsequently filed this lawsuit to establish Ringers' unlawful use and registration of the ROUGHNECK trademark and the lawfulness of Cabela's use of the ROUGHNECK mark on its soft goods and apparel.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1125)

32. Cabela's hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

33. Cabela's has continuously and extensively used the ROUGHNECK trademark throughout the United States in connection with workwear.

34. Cabela's has made significant expenditures to advertise and promote its workwear sold nationally under the ROUGHNECK trademark.

35. The ROUGHNECK trademark has come to represent and symbolize the enviable reputation and valuable goodwill of Cabela's among members of the trade and purchasing public with regard to workwear.

36. Cabela's has trademark rights in the ROUGHNECK trademark that predate Ringers' trademark registration.

37. Ringers is not authorized to use Cabela's ROUGHNECK trademark.

38. Ringers' unauthorized use of the ROUGHNECK trademark in connection with the sale, offering for sale, distribution or advertising of workwear or apparel, such as gloves, is likely to cause confusion or mistake or to deceive customers into falsely believing that Ringers' products come from Cabela's, or that Cabela's has approved of or sponsored Ringers' products, all in violation of 15 U.S.C. § 1125 (Lanham Act § 43(a)).

39. Ringers has caused, and will continue to cause damage and irreparable harm to Cabela's for which there is no adequate remedy at law.

### COUNT II

### (Unfair Competition In Violation of 15 U.S.C. § 1125)

40. Cabela's hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

41. Cabela's has continuously and extensively used the ROUGHNECK trademark throughout the United States in connection with soft goods and apparel, and specifically workwear.

42. As a result of Cabela's use of the ROUGHNECK trademark, Cabela's has common law trademark rights in the ROUGHNECK trademark.

43. The ROUGHNECK trademark has come to represent and symbolize the reputation and valuable goodwill associated with the Cabela's line of soft goods and apparel and specifically workwear.

44. Ringers is not authorized to use the ROUGHNECK mark.

45. Ringers' unauthorized use of the ROUGHNECK mark is likely to cause confusion or mistake, or to deceive customers or potential customers into falsely believing that Ringers' products are approved or sponsored by Cabela's in violation of 15 U.S.C. § 1125.

46. Ringers' unauthorized use of the ROUGHNECK mark was and continues to be done intentionally, willfully, and with reckless disregard for Cabela's rights.

47. Ringers' actions set forth above have unjustly damaged the ROUGHNECK mark, business reputation and the goodwill associated with the ROUGHNECK mark.

48. Ringers' actions set forth above have unjustly enriched Ringers.

49. Ringers' actions set forth above are causing irreparable injury to Cabela's for which there is no adequate remedy at law.

50. Ringers' actions set forth above constitute willful trademark infringement entitling Cabela's to remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

## COUNT III

### (Declaratory Judgment of Non-Infringement)

51. Cabela's hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

52. As stated in Ringers' July 25, 2014 letter (Ex. C), an actual controversy has arisen and now exists between the parties relating to Defendant's allegations (collectively, the "Trademark Infringement Allegations") that:

- Cabela's has purportedly used the ROUGHNECK trademark to give the relevant public a false impression that the Defendant has authorized or is otherwise associated with Cabela's products;

- Cabela's use of the ROUGHNECK trademark is purportedly likely to cause confusion or mistake, or to deceive the relevant public into falsely believing, that Cabela's is approved or sponsored by the Defendant;

- Among the relevant public the ROUGHNECK trademark has purportedly come to represent and symbolize the reputation and goodwill associated with Defendant; and

- Cabela's use of the ROUGHNECK trademark supposedly subjects Cabela's to liability for trademark infringement in violation of the Lanham Act.

53. A declaratory judgment is therefore necessary because Defendant contends the Trademark Infringement Allegations are true and Cabela's denies the truth of the Trademark Infringement Allegations.

## COUNT IV

### (Cancellation of Defendant's U.S. Trademark Registration No. 4,477,642)

54. Cabela's hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

55. The continued registration of Ringers' ROUGHNECK trademark and use of the same by Ringers is likely to cause confusion with Cabela's prior extensive use of the ROUGHNECK trademark on Cabela's soft goods and apparel and specifically workwear.

56. Cabela's is the senior user of the ROUGHNECK trademark and has been using the mark in worldwide sales of soft goods and apparel since at least 1999. Ringers' did not begin using the mark on its gloves until 2008 or 2009.

57. As a result, Cabela's is likely to be damaged by continued registration of the ROUGHNECK trademark, and asks the Court to cancel Ringers' U.S. Trademark Registration No. 4,477,642 for ROUGHNECK pursuant to 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief from this Court:

a. A determination that Defendant infringes Plaintiff's common law trademark rights;

b. A judgment that Plaintiff does not infringe Defendant's trademark;

c. A cancellation of Defendant's U.S. Trademark Registration No. 4,477,642 for ROUGHNECK pursuant to 15 U.S.C. § 1119;

d. An award of damages pursuant to 15 U.S.C. § 1117(a) to Plaintiff including pre-judgment and post-judgment interest, in an amount adequate to compensate for Defendant's infringement of Plaintiff's trademark rights;

e. A temporary and permanent injunction enjoining Defendant's infringement of Plaintiff's trademark rights pursuant to 15 U.S.C. § 1116;

f. An order that Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

g. An order that Defendant deliver up and destroy all products, advertisements, promotions, and all other matter in the possession or custody or under the control of Defendant bearing the ROUGHNECK trademark pursuant to 15 U.S.C. § 1118;

h. An award of costs and expenses in this action; and

i. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues properly tried to a jury.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests that Omaha, Nebraska be designated as the place of trial.

Dated: August 18, 2014

Respectfully submitted,

CABELA'S INCORPORATED,
Plaintiff,

By: /s/ *Stacy L. Morris*

Gregory P. Sitrick
gregory.sitrick@quarles.com
Isaac Crum
isaac.crum@quarles.com
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Tel.: 602.229.5200
Fax: 602.229.5690

Johanna M. Wilbert
johanna.wilbert@quarles.com
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, Wisconsin 53202
Tel.: 414.277.5495
Fax: 414.978.8942

Christian G. Stahl
christian.stahl@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3422
Tel.: 312.715.5000
Fax: 312.715.5155

Stacy L. Morris, #22761
smorris@ldmlaw.com
LAMSON DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel.: 402.397.7300
Fax: 402.397.7824

***ATTORNEYS FOR PLAINTIFF***

#594618